

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00108-CR

---

IN RE PHILIP JAMES EMERSON, JR.

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Philip James Emerson, Jr., proceeding pro se, has petitioned this Court for mandamus relief. In five issues, Emerson argues that (1) there was no authority to enter the May 14, 2025, order denying his petition for a writ of habeas corpus; (2) the Honorable Kevin White, County Judge of Wood County, should be disqualified from presiding over Emerson's case; (3) the Tenth Administrative Judicial Region Presiding Judge, the Honorable Alfonso Charles's, June 27, 2025, order "deprives this Court of its jurisdiction to review a final order in the underlying proceeding[;]" and alternatively (4) if Judge White should not be disqualified, he should be required to act on the pending writ for habeas corpus; and (5) "[i]n the event ISSUE THREE and ISSUE FOUR are answered in the negative, whether Senior Judge [Sam] Griffith[,] abused his discretion by not issuing the writ of habeas corpus[.]"

In his prayer for relief, Emerson asks us to issue a writ of mandamus: (1) directing Judge White to vacate his May 14, 2025, order denying Emerson's writ of habeas corpus as void; (2) directing Judge White to vacate his June 26, 2025, order of referral on motion to recuse as void; and (3) directing Judge Charles to vacate his June 27, 2025, order assigning Judge Griffith to the matter as void. If denied as to the disqualification of Judge White, Emerson alternatively seeks a writ of mandamus compelling Judge White to "execute his ministerial duties under Chapter 26 of the Texas Government Code," and lastly, if we deny relief as to issues three and four, Emerson seeks to have Judge Griffith issue his writ of habeas corpus. For the reasons stated herein, we conditionally grant the petition in part and deny it in part.

2

## I. Standard of Review

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Appeals*, 581 S.W.3d 189, 193 (Tex. Crim. App. 2018) (plurality op.) (orig. proceeding). In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (order) (per curiam) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d at 927; *In re Pena*, 619 S.W.3d at 839; *see* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

## II. Rule 18a Motion to Recuse

Rule18a(f)(1) of the Texas Rules of Civil Procedure provides,

Regardless of whether the motion complies with this rule, the respondent judge, within three business days after the motion is filed, must either: (A) sign and file with the clerk an order of recusal or disqualification; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge.

TEX. R. CIV. P. 18a(f)(1). "Under the rule's clear terms, when a party files a motion to recuse, the judge must either grant or refer the motion regardless whether the motion meets the rule's technical requirements." *In re Marshall*, 515 S.W.3d 420, 422 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). "Once the motion to recuse was filed, respondent could not take further action other than signing an order of recusal or an order referring the motion to the regional presiding judge." *Id.* (citing TEX. R. CIV. P. 18a(f)(2)(A); *In re Norman*, 191 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). "Failing to take one of these two actions renders subsequent orders void." *Id.* (citing *In re Norman*, 191 S.W.3d at 861) ("If a judge fails to comply with the rules governing motions for recusal, all subsequent actions by the judge in that case are void.").

A review of the record indicates that Emerson filed his original petition for a writ of habeas corpus on April 16, 2025, in the County Court of Wood County. On the same date, Emerson filed a motion to disqualify or, alternatively, recuse Judge White. On May 14, 2025, Judge White signed an order denying Emerson's petition for a writ of habeas corpus prior to addressing the motion to recuse. We conclude that because the Respondent signed the order denying habeas relief after the motion to recuse was filed without complying with Rule 18a(f)(1), the order denying habeas issued by Judge White is void and should be vacated. As such, by vacating the May 14 order, Emerson's petition for a writ of habeas corpus remains pending in the trial court.

Therefore, for the reasons stated herein, we conditionally grant Emerson's petition for mandamus and direct the trial court to withdraw its May 14 order denying Emerson's application

4

for a writ of habeas corpus.  All other relief not granted herein is denied.  The writ will issue only if the trial court fails to comply.  *See* TEX. R. APP. P. 52.8.

Scott E. Stevens
Chief Justice

Date Submitted:     August 4, 2026
Date Decided:       August 5, 2026

Do Not Publish